IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-286-FL
NO. 5:10-CV-165-FL

| | | |
|---|---|---|
| DARRYL DEVON BEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner Darryl Devon Best's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE ## 37, 40). The government has responded, and petitioner has replied. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the court grants in part and dismisses in part petitioner's motion, and directs the clerk to reenter judgment under the same terms as the original judgment.

## STATEMENT OF THE CASE

On December 4, 2008, petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. § 846. Petitioner was sentenced to a term of sixty-five (65) months imprisonment. Petitioner did not timely file notice of appeal.

On April 21, 2010, petitioner filed a motion to vacate under § 2255. Petitioner later re-filed his § 2255 on a newly revised form. Petitioner asserts that (1) his plea was involuntary because the government breached a plea agreement by denying him a two-level departure; (2) his trial counsel

was ineffective by falsely promising him that he would only receive two years imprisonment if he signed the plea agreement; (3) his trial counsel was ineffective for failing to file a direct appeal after sentencing and failing to advise him of the right to timely file a notice of appeal; and (4) his trial counsel was ineffective for failing to argue at sentencing that the government had breached the plea agreement.

On July 22, 2010, the government responded in opposition. The government asks the court to re-enter judgment on identical terms as the original judgment so that petitioner may timely file a direct appeal. The government also asks the court to dismiss the remainder of petitioner's claims. Petitioner replied on August 18, 2010, asking the court for summary judgment.

## DISCUSSION

Failure of counsel to file a notice of appeal as instructed is per se ineffective assistance of counsel, regardless of any appellate waiver in the plea agreement. See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In such circumstances, the appropriate remedy is to vacate and then reenter the court's original judgment to permit the appeal period under Rule 4(b) of the Federal Rules of Appellate Procedure to run anew, thereby allowing petitioner to file a timely notice of appeal. See United States v. Glover, 363 F. App'x 989, 991 (4th Cir. 2010) (per curiam) (unpublished); United States v. Davis, 78 F. App'x 238, 239 (4th Cir. 2003) (per curiam) (unpublished). The remainder of the petitioner's claims should then be dismissed without prejudice to allow him to raise these matters on direct appeal. See Glover, 363 F. App'x at 991.

Although the government does not concede that petitioner's counsel was ineffective, it requests the court allow petitioner the limited right to file an out of time notice of appeal, subject to

2

Case 5:08-cr-00286-FL   Document 44   Filed 09/29/10   Page 2 of 4

and without waiver by the government of the terms and conditions of the plea agreement entered into in this case. Based on this stipulation by the government, the court assumes without deciding that petitioner's counsel failed to timely file a notice of appeal as directed by petitioner or failed to advise petitioner of the ability to appeal, and was therefore ineffective. The court will accordingly grant petitioner's motion in order to place petitioner in the same position he would have been in had counsel timely filed a notice of appeal. The court will dismiss without prejudice the remaining claims in petitioner's § 2255 motion so that he can bring these contentions on direct appeal.

Trial counsel for petitioner has not yet withdrawn from this matter, and it appears from the docket that he continues to receive electronic service of all filings. Counsel is accordingly directed to confer with petitioner with respect to his desire to file an appeal, and to notice appeal of the re-entered judgment if requested by petitioner. Counsel may then, if necessary, move to withdraw from representation on appeal.

## CONCLUSION

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE ## 37, 40) is GRANTED IN PART and DISMISSED IN PART. The motion is granted as to petitioner's allegation of ineffective assistance of counsel for failure to file a notice of appeal. The court assumes, without deciding, that petitioner's counsel failed to timely file a notice of appeal and was thereby ineffective. Thus, the court VACATES the judgment entered April 10, 2009. The Clerk of Court is DIRECTED to re-enter judgment containing the same terms and provisions as the original judgment, with a updated date of entry. In the meantime, petitioner shall remain in the custody of the Attorney General of the United States. The court dismisses without prejudice the other grounds for relief set forth in petitioner's motion.

3

Trial counsel for petitioner is directed to confer with petitioner to determine his desire to appeal. If directed, counsel shall duly notice an appeal. If necessary, counsel may then move to withdraw from this matter on appeal. Petitioner and counsel are advised that a notice of appeal must be filed within fourteen (14) days after judgment is re-entered. Fed. R. App. P. 4(b)(1)(A)(I). The appeal remains subject to and without the government having waived any of the terms and provisions of petitioner's plea agreement.

SO ORDERED, this the 26th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

4

Case 5:08-cr-00286-FL   Document 44   Filed 09/29/10   Page 4 of 4