IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00286-FL
NO. 5:11-CV-00542-FL

| | |
|---|---|
| DARRYL DEVON BEST, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the government's motion to dismiss (DE-69) petitioner Darryl Devon Best's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") (DE-66). Best has responded (DE-74), and the government's motion to dismiss is therefore ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter was referred to the undersigned for entry of a memorandum and recommendation. For the reasons stated herein, the undersigned recommends that the government's motion to dismiss (DE-69) be granted and Best's motion to vacate (DE-66) be denied.

**I. BACKGROUND**

On December 4, 2008, Best pled guilty pursuant to a written plea agreement (DE-22) to one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine. (DE-20). In his plea agreement, Best agreed to

1

waive knowingly and expressly all rights conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

(DE-22, p.1).

At his Rule 11 hearing, the presiding judge informed Best "this is important -- if you have waived the right to appeal your sentence in a plea agreement with the Government, you need to know that that waiver may be binding upon you and that you would not be allowed to appeal your sentence." (DE-59, p.8). Before accepting the plea agreement, the presiding judge engaged Best in the following colloquy:

> BY THE COURT:
>
> Q. And Mr. Best, have you had time to and have you in fact discussed your case and your plea with your attorney, Mr. Williams?
>
> A. Yes, sir.
>
> Q. And are you satisfied with Mr. Williams' advice and counsel to you?
>
> A. Yes, sir.
>
> Q. Are you satisfied with his representation of you?
>
> A. Yes, sir.
>
> Q. Is it fair to say that he has been a good lawyer for you?
>
> A. Yes, sir.
>
> Q. Very good. Now, Mr. Best, did you hear and understand my explanation of your rights this afternoon, including how you might be sentenced?

2

A. Yes, sir.

Q. All right. I'm going to go over some of that again just to make sure you understood. Now, as I say, you have the right to a trial by jury on that felony charge against you and that right at that jury trial you would be presumed to be innocent. There's no burden on you to prove anything. The burden rests solely upon the Government. They are required to prove you guilty beyond a reasonable doubt.

They are required to do that by calling their agents and other witnesses to testify against you under oath and in open court and after the Government questions those witnesses, you and your attorney have the absolute right to question or cross-examine anyone that testifies against you.

Now, Mr. Williams, if you plead not guilty – I'm sorry, Mr. Best, if you plead not guilty and your case goes to trial, you too could get up and testify under oath at your trial. But only if you wish to do so. It's important that you understand that no one can force you to testify if you don't want to.

If you elect not to testify, that fact cannot be held against you and Chief Judge Flanagan is required to instruct the jury for you. Do you understand all of that?

A. Yes, sir.

Q. All right. Now, Mr. Best, you should have received a copy of the Bill of Indictment against you charging you in one count of conspiracy to distribute and possess with distribute more than five kilograms of cocaine, alleged violation of 21 United States Code Section 846. That indictment was filed back, it looks like, that indictment looks like it was filed back -- do you have the file date on that, Mr. Meyers?

MR. MEYERS: It would be September 24th, Your Honor.

BY THE COURT:

Q. On September 24th of this year. Have you received a copy of that indictment, Mr. Best?

A. Yes, sir.

Q. Have you had a chance to read and review that indictment with your attorney, Mr. Williams?

A. Yes, sir.

Q. Do you understand what you are charged with in that indictment?

A. Yes, sir.

3

Q. Would you like for me to read it out loud to you or do you waive the formal reading of the indictment, having discussed it with Mr. Williams?

A. I waive that.

Q. All right. I'm still going to remind you of the maximum punishment for a violation of 21 USCS 846, conspiracy to distribute and possess with intent to distribute more than five kilos of cocaine and that would be not less than ten years imprisonment up to a potential of life imprisonment, not less than five years supervised release following any imprisonment, up to a four million dollar fine and the required $100 special assessment.
And if that supervised release were revoked, you would face the possibility of an additional five years imprisonment.
So a minimum of ten years, up to a maximum of life, up to a four million dollar fine, five years of supervised release, five years additional incarceration if you violate the supervised release and the $100 special assessment.
So, Mr. Best, do you understand what you are charged with and those maximum punishments you might receive?

A. Yes, sir.

Q. All right. Now, Mr. Best, I have been handed a document entitled Memorandum of Plea Agreement and in that document which appears to have six pages dated 9 October of 2008. Among other things, it appears to me that you have agreed to plead guilty to that charge in the indictment against you.
Now, I ask you, Mr. Best, did you have the opportunity to read and review that plea agreement with your attorney, Mr. Williams, before you signed it?

A. Yes, sir.

Q. And after you read and reviewed the plea agreement with your attorney, did you understand all of the terms, language, words, phrases in that plea agreement?

A. Yes, sir.

Q. Has anybody promised you anything, Mr. Best, to get you to plead guilty to that charge in the indictment that's not written down in this plea agreement?

A. No, sir.

Q. So, in other words, nobody made you any oral promises? It's all written down in the plea agreement, is that right?

4

A. Yes, sir.

Q. Has anybody threatened you, Mr. Best, to try get you to or force you to plead guilty to the charge against you?

A. No, sir.

Q. You sure about that?

A. Yes, sir.

Q. And you understand that that charge against you is a felony and that you lose your valuable civil rights, including the right to vote if you plead guilty to that or if you are found guilty of that at trial. Do you understand that?

A. Yes, sir.

Q. All right. Do you understand if you plead guilty to count one this afternoon that you can't come back later, or the charge against you in the indictment, that's the only charge against you. If you plead guilty to that charge this afternoon, you can't come back later and ask for a trial on that charge. Do you understand that?

A. Yes.

Q. Now, did Mr. Williams read paragraph 2(c) to you concerning your appeal waiver. I'm going to read it to you. That you have agreed to waive knowingly and expressly all of your rights conferred by 18 U.S.C. 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory guideline range reserving only, only the right to appeal from a sentence in excess of the applicable advisory guideline range that's established at sentencing.
And that you further waive all of your rights to contest your conviction of sentence in any post-conviction proceeding, including a habeas proceeding, except for appeal, or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to you at the time of your plea, which is today. Do you understand that? It makes it very difficult for you to appeal whatever sentence is imposed?

A. Yes, sir.

Q. And have you discussed that with Mr. Williams?

A. Yes, sir.

5

Q. All right. Now, Mr. Best, there are recommendations concerning establishment of the guideline range in the plea agreement. Did you discuss with Mr. Williams and do you understand that any recommendations concerning establishment of the guideline range, advisory guideline range, as well as any recommendations concerning sentencing are just that, recommendations, and that Chief Judge Flanagan is free to impose whatever sentence she believes is just and proper, irrespective of these recommendations. Do you understand that?

A. Yes, sir.

Q. Have you answered all of my questions truthfully this afternoon?

A. Yes, sir.

Q. Mr. Best, would you like any more time to think about your plea or discuss your case or your plea with your attorney, Mr. Williams?

A. No, sir.

Q. Are you sure about that?

A. Yes, sir.

Q. Absolutely sure. This is your time to talk to Mr. Williams before you enter a plea. Because as I told you, once you enter a plea, you can't go back and change your mind. Do you understand that?

A. Yes, sir.

Q. If you plead guilty, you can't come back and ask for a trial later on. So, do you want any more time to talk to Mr. Williams before I ask you to enter a plea of guilty or not guilty to that charge?

A. No, sir.

Q. All right. Mr. Darryl Devon Best, how do you plead to the charge against you in the indictment, conspiracy to distribute and possess with intent to distribute five kilos or more of cocaine? How do you plead to that?

A. Guilty.

(DE-59, pp.14-21).

On April 10, 2009, the Court sentenced Best to sixty-five months of imprisonment, as well as other penalties (DE-32, DE-33), a sentence well below the recommended sentencing guideline

range of 108 to 135 months. (DE-36, p.26). Best did not appeal the sentence.

On May 26, 2010, Best filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (DE-40). The government asked the Court to re-enter its original judgment to allow Best another opportunity to appeal his sentence. (DE-42). On September 29, 2010, the Court directed Best's original judgment to be re-entered and denied his remaining claims without prejudice. (DE-44). Following re-entry of the Court's judgment (DE-46), Best appealed his case to the United States Court of Appeals for the Fourth Circuit. (DE-51). The Fourth Circuit dismissed Best's appeal after concluding that he "knowingly and voluntarily waived his right to appeal and that the issues Best seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights." (DE-61). The mandate issued from the Fourth Circuit on September 7, 2011. (DE-65). Best timely filed the instant § 2255 motion on October 6, 2011. (DE-66).

In his petition, Best raises four grounds for relief. First, he claims that he did not knowingly and voluntarily enter into the plea agreement. Second, he challenges certain drug weight that was attributed to him for purposes of sentencing. Third, Best asserts he received ineffective assistance of counsel with regard to his plea agreement in that: (1) "Counsel promised . . . that [Best] would receive 24 months if he signed a plea agreement"; and (2) counsel allegedly did not inform him that he waived certain appellate rights as part of his plea agreement. Fourth, Best contends his counsel was ineffective at sentencing for failing to make certain arguments. The government asserts Best fails to state a viable claim for relief and asks the Court to dismiss his motion to vacate. (DE-69).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

The government has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal

7

Case 5:08-cr-00286-FL   Document 75   Filed 04/20/12   Page 7 of 17

Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 570.

**B. 28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*,

Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

## C. **Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). A guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

9

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity"' . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings."' Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

## D. <u>Ineffective Assistance of Counsel</u>

Best asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With regard to a guilty plea, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52,

10

59 (1985). "To demonstrate prejudice at sentencing, petitioner must show a reasonable probability that he would have received a more lenient sentence if not for counsel's errors." Whitley v. United States, Nos. 7:07-CR-142-FL, 7:09-CV-144-FL, 2011 U.S. Dist. LEXIS 56799, at *7 (E.D.N.C. May 24, 2011) (citing Glover v. United States, 531 U.S. 198, 202-04 (2001) and United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished)).

With the foregoing legal precepts in mind, the undersigned considers Best's claims.

## III. ANALYSIS

As an initial matter, the undersigned notes that all of Best's arguments relate to his central complaint, which is that the district court erred in attributing to him as relevant conduct drug quantities sold during the course of the conspiracy to which he pled guilty. However, Best's plea waiver expressly bars him from

> contest[ing] the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

The Fourth Circuit has already held that Best voluntarily and knowingly entered into his plea agreement, (DE-61), and he therefore cannot relitigate this claim. United States v. Walker, 299 F. App'x 273, 276 (4th Cir. 2008) (unpublished) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal.") (citing United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004)). Because Best is largely attempting to litigate claims he expressly waived in his plea agreement, his 2255 petition is subject to dismissal. The undersigned nevertheless considers the specific grounds for relief.

### A. Ground One: Involuntary Plea

According to Best, the government "breached [the] plea agreement" by (1) denying him a

11

two-level departure as a minor participant; (2) orally promising he would receive a sentence of approximately twenty-four months; and (3) attributing certain drug weights to him at sentencing. Best argues that the government's alleged breach of the plea agreement renders it involuntary and invalid. The undersigned finds no merit to this argument.

As noted *supra*, in his plea agreement, Best waived his right to object to his conviction or sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. At his Rule 11 hearing, the presiding judge engaged Best in a lengthy colloquy to ensure that he understood the consequences of the plea agreement, including the appellate waiver provision. Best was informed: "this is important -- if you have waived the right to appeal your sentence in a plea agreement with the Government, you need to know that that waiver may be binding upon you and that you would not be allowed to appeal your sentence." (DE-59, p.8). Further, the judge explained:

> Q. Now, did Mr. Williams read paragraph 2(c) to you concerning your appeal waiver. I'm going to read it to you. That you have agreed to waive knowingly and expressly all of your rights conferred by 18 U.S.C. 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory guideline range reserving only, only the right to appeal from a sentence in excess of the applicable advisory guideline range that's established at sentencing. And that you further waive all of your rights to contest your conviction of sentence in any post-conviction proceeding, including a habeas proceeding, except for appeal, or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to you at the time of your plea, which is today. Do you understand that? It makes it very difficult for you to appeal whatever sentence is imposed?
>
> A. Yes, sir.
>
> Q. And have you discussed that with Mr. Williams?
>
> A. Yes, sir.

To the extent Best couches his argument in terms of prosecutorial misconduct based on breach

12

of the plea agreement, his claim is demonstrably false. The plea agreement entered into by Best provides that "This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein." (DE-22, p.1). The plea agreement further notified Best that

> the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

(DE-22, p.4).

The assertion by Best that the government or any other party promised him a twenty-four-month sentence is thus contradicted by the plain terms of the plea agreement. Moreover, Best's present assertions contradict the statements he made at his Rule 11 hearing. There, Best agreed that no one had made him any promises regarding a sentence, and that everything was "written down in the plea agreement." (DE-59, p.18). Such contradictory statements subject his claim to dismissal. Lemaster, 403 F.3d at 221-22.

For its part, the government agreed in the plea agreement to "make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to U.S.S.G. §5Kl.l, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." (*Id.*). In addition, the government promised "that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by §1Bl.8 and except as stated in this Agreement" but that the "United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct." Finally, the government agreed that a "downward adjustment of 3 levels for acceptance of responsibility is warranted under

13

U.S.S.G. § 3E1.1"   (*Id.* at p.6).

Best states no grounds for breach of his plea agreement.   In signing the plea agreement, Best understood that the Court could sentence him up to the statutory maximum and that any estimate of his sentence from any source was not a promise.   The plea agreement also contemplated the government's sharing of relevant conduct with the United States Probation Office for purposes of sentencing.   The government agreed that a downward adjustment of three levels for acceptance of responsibility was warranted, which Best in fact received.   (DE-36, p.5).   Inasmuch as Best frames his argument in terms of prosecutorial misconduct, he raises no facts suggesting that any misconduct occurred.   As he fails to raise any facts stating a claim for relief pursuant to 28 U.S.C. § 2255, the undersigned RECOMMENDS that the government's motion to dismiss Best's motion to vacate as to Ground One be GRANTED.

### B.  Ground Two: Prosecutorial Misconduct

Best contends the government committed prosecutorial misconduct by attributing to him as relevant conduct drug weights from transactions he contends occurred prior to the time he participated in the conspiracy.   As discussed above, however, the plea agreement did not preclude the government from sharing with the United States Probation Office any evidence concerning relevant conduct.   He therefore fails to state a claim for prosecutorial misconduct based on breach of the plea agreement.   And while Best argues that the drug weights were incorrectly attributed to him, his plea agreement bars this argument.   The undersigned therefore RECOMMENDS that the government's motion to dismiss Best's motion to vacate as to Ground Two be GRANTED.

### C.  Ground Three: Ineffective Assistance of Counsel

Best contends his counsel rendered ineffective assistance during the plea process by (1) informing him he would receive a twenty-four month sentence if he agreed to plead guilty, and by

14

(2) failing to inform him of the waiver of appellate rights contained in his plea agreement. The undersigned finds no merit to this claim.

Best's assertion of ineffective counsel based on an alleged miscalculation of his anticipated sentence or failure to explain his appellate waiver fails as a matter of law. *See* United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (holding that there is no possible prejudice from an incorrect calculation of a defendant's possible sentence so long as the defendant is properly advised of the maximum sentence he may receive, and pleads guilty based on that information and not based on other promises). Here, the record clearly shows that the Court properly informed Best as to the possible length of his sentence and the appellate waiver contained in his plea agreement. (DE-59, pp.8, 14, 16, 18-19). Best acknowledged that he understood that the offense to which he pled guilty carried a minimum sentence of ten years and a maximum sentence of life imprisonment. (DE-59, pp.16-17). He agreed that no one had made any promises to induce or make him plead guilty. Best listened to the Court summarize the plea waiver, including the waiver of appellate rights, and confirmed that he understood the waiver. He also stated that he had discussed the plea agreement with his attorney and acknowledged that, regardless of any sentencing guidelines recommendations, "Chief Judge Flanagan is free to impose whatever sentence she believes is just and proper." (DE-59, p.19). As Best was properly informed in the Rule 11 hearing as to the possible consequences of pleading guilty, he has no cognizable ineffective assistance of counsel claim arising from his counsel's alleged miscalculation of his sentence or failure to fully explain his appellate waiver. As such, the undersigned RECOMMENDS that the government's motion to dismiss Best's motion to vacate as to Ground Three be GRANTED.

15

Case 5:08-cr-00286-FL   Document 75   Filed 04/20/12   Page 15 of 17

### D. Ground Four: Ineffective Assistance of Counsel

Best contends his counsel was ineffective at sentencing in that he (1) failed to argue the government breached the plea agreement; (2) failed to object to the drug weight attributed to him as relevant conduct; (3) failed to request an evidentiary hearing on the attributed drug quantities and Best's participation in the conspiracy. These claims are without merit.

As has already been discussed *supra*, the government did not breach the plea agreement, and thus counsel for Best cannot be faulted for failing to argue otherwise. With regard to Best's assertion that his counsel failed to object to the drug quantities attributed to him at sentencing, the record demonstrates the opposite. Counsel for Best filed written objections to the presentence investigation report (DE-25, p.12) and renewed the objections at the sentencing hearing. (DE-36, pp.6-8). The district court fully considered the objections to the drug quantities and Best's role in the conspiracy at the sentencing hearing. And while Best asserts his counsel should have argued more vigorously, the district court sentenced him well below the guideline range of 108 to 135 months. There is nothing in the record to indicate the district court would have further reduced the sentence but for counsel's performance. Best thus fails to demonstrate any deficiency in counsel's performance or any prejudice arising therefrom. Accordingly, the undersigned RECOMMENDS that the government's motion to dismiss Best's motion to vacate as to Ground Four be GRANTED.

### IV. CONCLUSION

Because Best articulates no facts demonstrating prosecutorial misconduct and fails to show that his counsel's performance was constitutionally deficient, the undersigned finds that Best has not sustained his claims for relief. Thus, for the foregoing reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-69) be granted and Best's

motion to vacate (DE-66) be denied.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, April 20, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE