IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-286-FL
NO. 5:11-CV-542-FL

| | |
|---|---|
| DARRYL DEVON BEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner Darryl Devon Best's motion to vacate under 28 U.S.C. § 2255 (DE 66), and the government's motion to dismiss petitioner's motion (DE 69). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") (DE 75) wherein it was recommended that the court grant the government's motion to dismiss and deny petitioners motion to vacate. Petitioner timely filed objections to the M&R and the government responded. Issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own.

**STATEMENT OF THE CASE**

On December 4, 2008, petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Petitioner was sentenced to a term of sixty-five (65) months imprisonment. Petitioner did not timely file notice of appeal.

On April 21, 2010, petitioner filed a motion to vacate under § 2255, which he later re-filed on a newly revised form (DE 37, 40). In that motion petitioner asserted, *inter alia*, that his trial counsel was ineffective for failing to file a direct appeal after sentencing and failing to advise him of the right to timely file a notice of appeal. Accordingly, the court vacated its original judgment to permit the appeal period under Rule 4(b) of the Federal Rules of Appellate Procedure to run anew, thereby allowing petitioner to file a timely notice of appeal, and dismissed without prejudice the remainder of petitioner's claims.

Petitioner filed notice of appeal on October 15, 2010 (DE 48, 51). On July 12, 2011, the Fourth Circuit dismissed petitioner's appeal, finding he had knowingly and voluntarily waived his right to appeal, and the issues he sought to raise fell within the scope of his waiver.

On October 6, 2011, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. Petitioner raises four claims in his motion: (1) he did not knowingly and voluntarily enter into his plea agreement; (2) the government committed prosecutorial misconduct by attributing certain drug weights to him as relevant conduct; (3) he received ineffective assistance of counsel who allegedly promised him he would receive a twenty-four (24) month sentence if he signed the plea agreement and failed to inform him he was waiving certain appellate rights; and (4) he received ineffective assistance of counsel where counsel did not make certain arguments at sentencing. The government responded by filing a motion to dismiss petitioner's motion to vacate.

As set forth in the M&R, it is recommended that the court grant the government's motion to dismiss and deny petitioner's motion. Additionally, where defendant does not object to any of the facts included in the M&R, but objects only to omissions therefrom, and the court's review subscribes to that of the magistrate judge, the court adopts and incorporates by reference the

2

procedural and factual history set forth in the M&R.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

Petitioner lodges numerous objections to the findings and conclusions set forth in the M&R. His objections fall into three categories: objections to the factual and procedural background, objections to the legal standards, and objections to the analysis. The court considers petitioner's objections in turn.

    1.  Objections to the Factual and Procedural Background

Petitioner objects to none of the facts as set forth in the M&R. He does, however, object to the omission of three purported facts. First, petitioner believes the M&R wrongfully omitted to state that the government asked this court at sentencing to adopt the information within the PSR. Second, petitioner objects to the omission of the fact that the government filed its motion to dismiss on

3

November 15, 2011. Third, petitioner argues that the M&R should have noted the government's memorandum in support of its motion to dismiss did not address petitioner's fourth ground for relief in his motion to vacate.

Review of the transcript of the sentencing hearing does not show that the government requested the court adopt the information contained in the PSR, therefore the M&R properly did not include this so-called "fact." Next, petitioner is correct where he states that the government filed its motion to dismiss on November 15, 2011. As the court ordered the government to respond to petitioner's motion no later than December 6, 2011, however, this fact demonstrates only that the government's motion was timely. The M&R was not deficient for failing to take special notice of the specific date the government's motion was filed.

Petitioner is also correct when he notes that the government's memorandum in support of its motion to dismiss did not specifically address his fourth ground for relief. Petitioner does not explicitly state the significance of this objection. However, where he previously has argued that the government's failure to address his fourth ground for relief constitutes admission that such a ground is valid, the court assumes petitioner raises this objection for similar reasons here. The court notes that, in its motion to dismiss, the government requested that petitioner's motion to vacate be dismissed in its entirety. Thus, where the government asked the court to dismiss the motion to vacate in its entirety, the court may address dismissal of petitioner's fourth ground, and the M&R was not in error where it did not include this fact.

2. Objections to the Legal Standards Cited

Petitioner first objects to the discussion in the M&R of Rule 12(b)(6) as the relevant standard governing the government's motion to dismiss. Petitioner contends that as his section 2255 motion

4

is not a pleading, a motion made pursuant to Rule 12(b) is inapplicable. The Rules Governing Section 2255 Proceedings for the United States District Courts provide that "The Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with these rules, may be applied to a proceeding under these rules." Furthermore, the Federal Rules of Civil Procedure provide that "[t]hese rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute . . . or the Rules Governing Section 2255 cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Thus, the Fourth Circuit has noted that motions to dismiss for failure to state a claim in *habeas* cases are properly filed pursuant to Rule 12(b)(6). See Walker v. True, 399 F.3d 315, 319 n. 1 (4th Cir. 2005). Therefore, as Rule 12(b)(6) is the proper standard governing the instant motion to dismiss, plaintiff's objection is overruled.

Petitioner proceeds to make numerous objections to the M&R's failure to explicitly mention certain case law. He first objects to the M&R where it did not state that *pro se* filings should be liberally construed. The court is mindful of the fact that "[a] document filed pro se is to be liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and will do so where necessary in considering petitioner's motion.

Petitioner's next objections are to the M&R's failure to note specifically that the preponderance of the evidence standard is met by showing that it is more likely than not that something is true, see e.g., Concrete Pipe & Products of California, Inc. v. Constr. Laborers Pension Trust for S. California, 508 U.S. 602, 622 (1993), and that a district court preforms preliminary review of section 2255 motions when they are submitted to the court. See Rules Governing Section 2255 Proceedings for the United States District Courts 4(b). While these statements of law are

5

correct and applicable to this case, the M&R was not in error for failing to expressly mention these rules where correct standards of law were applied therein to this case.

Petitioner's objects to the legal standards recited in the M&R regarding the impact of his guilty plea, not as incorrect, but as inapplicable to this case. Where petitioner does not contend these standards are incorrect, there is no error in reciting them. Furthermore, the court finds these standards are applicable to this case. He also asserts the M&R should have included reference to the holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." United States v. Lewis, 633 F.3d 262, 269 (4th Cir. 2011). Again, while a correct statement of the law, where the M&R considered appropriate law and applied it correctly to the facts of this case, there was no error in not making express reference to this precedent.

Petitioner's last objection to the legal standards cited in the M&R is to its omission of the holding of the Fourth Circuit in United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996) that defendants are entitled to effective assistance of counsel at sentencing. As with defendant's prior objections, this objection is overruled where failure to make explicit citation to this proposition of law was not error and the M&R correctly applied the law to the facts of the case.

3. Objections to Legal Conclusions

Petitioner objects to the recommendation contained in the M&R that where the Fourth Circuit has held he knowingly and voluntarily entered into that plea agreement, he is foreclosed from re-litigating the issue. Petitioner argues that while the Fourth Circuit found his plea was knowing and voluntary, it did so only in the context of whether the court complied with the requirements of Federal Rule of Criminal Procedure 11, and did not consider whether his plea was made involuntary

6

by the government's purported breach of the plea agreement.

For the reasons stated in the M&R, the court overrules this objection. As the Fourth Circuit has found petitioner knowingly and voluntarily entered into his plea agreement with the government, he may not re-litigate that issue here. United States v. Walker, 299 F. App'x 273, 276 (4th Cir. 2008) (citing United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004)). Moreover, even were the court to conclude petitioners is arguing a different issue because he cites different grounds for finding the plea involuntary, he would be barred from raising this issue where he did not raise it before the Fourth Circuit since his section 2255 motion "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 164-65.

Petitioner raises two further objections to why is motion is generally subject to dismissal, the substance of which is the same, namely, that the claims he raises in his motion to vacate are outside of the scope of his waivers. In his plea agreement, petitioner agreed to

> waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of Defendant's guilty plea.

Plea Agreement ¶ 2.c. Where he himself describes the crux of his claims as an error in the relevant conduct attributed to him, as was noted in the M&R, he is largely attempting to litigate an issue expressly waived. Nonetheless, where he couches this complaint in terms of prosecutorial misconduct and ineffective assistance of counsel, the M&R went on to consider his grounds for relief more particularly, therefore this court will do the same.

    a.    Involuntary Plea / Breach of Plea Agreement

Petitioner objects to the recommendation in the M&R that this court find petitioner fails to

7

raise facts stating a claim in his first ground for relief. Petitioner contends in this first ground and in his objection that the government breached the plea agreement by using self-incriminating information he provided against him in determining his guideline range in contravention of ¶ 4.e. of the agreement. Knowing and voluntary entry of a plea and release from the obligations of a plea agreement in the face of the government's breach thereof are separate issues, but both operate to release a defendant from their waivers of post-conviction rights. See United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001) ([A] party's waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement."); United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) ("A waiver has no binding effect if the defendant did not enter into it knowingly and voluntarily . . . ."). Where petitioner is *pro se*, his claims are to be liberally construed. See Erickson, 551 U.S. at 94. Thus, as also was properly done in the M&R, the court considers whether the government breached the plea agreement, and finds upon *de novo* review, that the government did not breach the terms of the plea agreement.

As an initial matter, the court notes that in his section 2255 motion, petitioner argues the government breached the plea agreement in three ways: (1) by denying him a two-level reduction as a minor participant, (2) by representing to him he would be facing a sentence of twenty-four months, and (3) by attributing drug weights from transactions occurring prior to the plea agreement period in contravention of what was promised in ¶ 4.e. of the plea agreement. Petitioner appears to only raise this third purported breach in objecting to the recommendation of the M&R. Where petitioner is *pro se*, however, out of an abundance of caution, the court reviews *de novo* the all three of petitioners claims for breach.

Paragraph five of the plea agreement lists the positions the parties agreed to as to sentencing

8

factors. It also provides that these positions "are not binding on the Court." Plea Agreement ¶ 5. The only agreed upon position is that a downward adjustment of three levels for acceptance of responsibility is due. Nowhere does the government agree that petitioner is entitled to downward adjustment for having played a minor role in the conspiracy. Thus the court's denial of such a downward adjustment in no way constitutes a breach by the government of the government's obligations under the plea agreement.

Moreover, as was discussed in the M&R, the plea agreement provides that what is written therein "constitutes a full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein." Id. at ¶ 1. Nowhere in the agreement was petitioner promised a sentence of approximately twenty-four (24) months. Rather, the agreement specifically notes that "any estimate of the sentencing received from any source is not a promise." Id. at ¶ 3.c. Furthermore, as the M&R also discusses, petitioner stated at his Rule 11 hearing that no one made him any promises regarding his sentence. See Tr. Rule 11 Hr'g. 18. Thus his claim here is subject to dismissal. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Finally, the Plea Agreement provides that:

> self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by § 1B1.8 and except as stated in this agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

Plea Agreement ¶ 4.e. Where the plea agreement specifically provided that the government would

9

not withhold any evidence concerning relevant conduct, the government's providing such evidence concerning relevant conduct does not constitute breach. Thus where the facts petitioner complains of do not constitute a breach of the plea agreement, his objection is overruled and dismissal is proper as to ground one of his motion to vacate.

    b.  Prosecutorial Misconduct Regarding Drug Weight

Petitioner objects to the recommendation that this court find that the government did not commit prosecutorial misconduct by failing to advocate against the attribution of the Presentence Investigation Report of certain drug weights to petitioner. However, as was discussed above, the plea agreement expressly provided that the government would not withhold evidence of relevant conduct from the United States Probation Office. Thus the facts asserted by petitioner do not support a claim for prosecutorial misconduct, and his objection is overruled where dismissal is proper as to ground to of his motion to vacate.

    c.  Ineffective Assistance of Counsel Prior to Sentencing

Petitioner objects to the recommended finding that he has not stated a claim for ineffective assistance of counsel based on purported misinformation given to him by counsel regarding the anticipated length of his sentence and on failure by counsel to inform him that the plea agreement contained waivers of his appeal rights. In the Fourth Circuit, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992).

In this case, petitioner was informed in his Rule 11 hearing of the penalties he faced, and that

10

by pleading guilty pursuant to the plea agreement he was waiving his appeal rights. See Tr. Arraignment 16-19. Indeed, the magistrate judge read the text of the appeal waiver, and petitioner affirmed he understood. See id. at 18-19. Thus petitioner was not prejudiced by any prior statements his counsel made where any such mis-impressions were corrected by the court prior to entry of his plea.

          d.      Ineffective Assistance of Counsel at Sentencing

Petitioner's final objection to the substantive analysis in the M&R is to its recommendation that this court dismiss his motion as to ground four where his claim does not state facts showing that he received ineffective assistance of counsel at sentencing. Petitioner contends that his counsel was ineffective for failing to argue at sentencing that the government breached the plea agreement, for failing to argue that the drug weights attributed to petitioner were erroneous, and for not requesting an evidentiary hearing to determine the appropriate drug weight attributable to petitioner and the scope of petitioner's involvement in the conspiracy.

"[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed. United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). However, a successful claim for ineffective assistance of counsel requires a petitioner show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

11

In this case, where the government not breach of the plea agreement, petitioner's counsel was not ineffective for failing to argue that it did. Similarly, as noted in the M&R, petitioner's attorney objected to the drug weight attributed to petitioner both in writing, see Presentence Investigation Report 12, and at hearing. See Tr. Sentencing Hr'g. 6-8. As also noted in the M&R, there is nothing in the record indicated that but for more vigorous argument, by counsel the sentenced imposed by the court on petitioner would have been lower. Thus petitioner's objection is overruled.

## CONCLUSION

For the reasons set forth above the court ADOPTS the recommendations of the magistrate judge, GRANTS the government's motion to dismiss (DE 69) and DISMISSES petitioner's motion to vacate (DE 66). Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of May, 2013.

LOUISE W. FLANAGAN
United States District Judge